UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GRANT THOMAS McADAMS, <br><br> Plaintiff, <br><br> v. <br><br> JANET GEMBERLING, ANDREW REMINGTON, MICHAEL TRUE, JANE SNYDER, MICHAEL J. REZNICEK, JOHN and JANE DOE(S), and RICHARD and RACHEL ROE(S), <br><br> Defendants. | NO: 4:16-cv-05133-MKD <br><br> ORDER DIRECTING ADDITIONAL BRIEFING, DISMISSING DEFENDANT GEMBERLING AND STRIKING SURRESPONSE <br><br> ECF Nos. 12, 21 |

BEFORE THE COURT is Plaintiff's request for a 30-day extension of time for filing a brief addressing the *Gunwall* factors. ECF No. 19, ¶ 6.7. Plaintiff is a prisoner at Coyote Ridge Corrections Center in Connell, Washington. Proceeding *pro se,* Plaintiff filed suit and his case was removed from Franklin County Superior Court as an action under 42 U.S.C. § 1983. ECF No. 1. Defendants are represented by Jerry Scharosch. On April 10, 2017, Plaintiff was ordered to amend or voluntarily dismiss his complaint. ECF No. 11.

ORDER DIRECTING ADDITIONAL BRIEFING- 1

A.   *Amended Complaint*

On June 8, 2017, Plaintiff filed his First Amended Complaint. ECF No. 15. Plaintiff alleged that he was diagnosed with a delusional disorder by Defendant Snyder, the diagnosis was adopted by Defendant Reznicek, and Plaintiff suffered damages as a result. ECF No. 15 at 22-24. With respect to Defendants Remington and True, Plaintiff alleged they mishandled mail that was sent to Plaintiff by a court and this caused additional damages. ECF No. 15 at 16-21. Defendant Gemberling previously represented Plaintiff and had filed a Motion to Dismiss for Failure of Timely Service on April 17, 2017. ECF No. 12. Plaintiff did not name Defendant Gemberling in the First Amended Complaint. ECF No. 15 at 1. Accordingly, **Defendant Gemberling's motion to dismiss without prejudice (ECF No. 12) is granted.**

B.   *Plaintiff's Request for Extension of Time for Gunwall[1] Briefing*

On June 20, 2017, Defendants Remington, True, Snyder, and Reznicek filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 16, set for hearing without argument August 8, 2017. On July 14, 2017, Plaintiff filed a

---

[1] *See State v. Gunwall*, 106 Wash.2d 54, 64 (1986) (courts will only engage in independent inquiry of state constitutional claims if the party invoking the state constitutional provision briefs the six nonexclusive factors).

response, ECF No. 19, and on July 19, 2017, Defendants replied, ECF No. 20. Without seeking the Court's prior approval, on August 3, 2017, Plaintiff filed a surresponse. ECF No. 21.

Plaintiff's First Amended Complaint, filed June 8, 2017, alleged violations of several of his rights protected by the federal constitution, including the First Amendment. ECF No. 15 at 6. In addition, Plaintiff alleged several of his rights under the Washington State Constitution were violated and he sought relief on that basis. ECF No. 15 at 13. In Defendants' Motion to Dismiss, they respond that Plaintiff's citation to the state constitution does not alone state a valid claim; Plaintiff has not specifically invoked, argued, and analyzed the state-based protections, including the *Gunwall* factors, and, under the facts presented, the Washington Constitution does not provide greater protection than those afforded by the federal constitutional provisions Plaintiff invoked. ECF No. 16 at 7-8. In his response to Defendants' motion, Plaintiff asked the Court for a 30-day extension of time to brief the *Gunwall* factors. ECF No. 19, ¶ 6.7.

After review, the Court grants Plaintiff's request for an extension of 30 days to brief the *Gunwall* factors.

C. *Surresponse*

With respect to Plaintiff's surresponse, ECF No. 21, the Court notes that this is the second such pleading Plaintiff has filed in this case. Previously, Plaintiff

sought leave for filing a surresponse. ECF No. 7. A surresponse has been defined as "[a] second response by someone who opposes a motion." *Lee v. City of Kingman*, 124 F.Supp.3d 985, 993 n.1 (D. Ariz. August 25, 2015) (citing Black's Law Dictionary (10th ed. 2014)). Since Plaintiff is not a movant, he has filed a surresponse.

Surresponses are not authorized by any Federal Rule of Civil Procedure, absent prior leave of court. *Lee*, 124 F.Supp.3d at 993 n.1 (citing in part *Padilla v. Bechtel Const. Co.*, No. CV 06 286 PHX LOA, 2007 WL 625927, at *1 (D. Ariz. Feb. 27, 2007) (regarding surresponses).

Here, nothing is offered to justify the Court's consideration of a surresponse. Accordingly,

**IT IS ORDERED:**

1. Defendant Gemberling Motion to Dismiss Without Prejudice, **ECF No. 12, is GRANTED.** Claims against Defendant Gemberling are dismissed without prejudice.

2. The Court directs additional briefing:

   (a) Plaintiff shall file any brief addressing the *Gunwall* factors by September 11, 2017.

   (b) Defendant shall file any response by September 25, 2017.

   (c) Plaintiff may file any reply by October 5, 2017.

3. Plaintiff's Surresponse, **ECF No. 21, is STRICKEN** as improperly filed.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and forward a copy to Plaintiff and counsel for Defendants.

DATED August 9, 2017.

s/ *Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER DIRECTING ADDITIONAL BRIEFING- 5